BENTON, J.,
dissenting.
In its natural state, the parcel in question could not have been developed as now proposed, in keeping with Walton County’s comprehensive plan (Comp Plan). This is because, as the scholarly majority opinion explains, the Comp Plan allows no beach houses — only “boardwalks, shoreline access structures, and erosion control measures that will enhance and protect the dune system” — in the “coastal protection zone.” Comp Plan Policy C-1.6.1(2). The 2013 development order at issue here authorizes construction of at least two houses in what all parties seem to agree was the coastal protection zone before the 2010 PUD order was entered.
Insofar as pertinent here, the Comp Plan defines the coastal protection zone as the area between the Gulf of Mexico and “the landward toe of the primary dune ridge....” Comp Plan Policy C-l.6.1. At the time the 2010 PUD order was entered, the primary dune ridge lay landward of sites on which the 2013 order allows construction of at least two houses. With the intention of removing the legal impediment the primary dune ridge — and therefore the coastal protection zone it defined — posed, the developer proposed in 2010 to bring in bulldozers to move the primary dune closer to the Gulf, seaward of the construction it plans.
The 2010 order which approved this approach was not appealed, and it may be, as the majority opinion assumes, that it would be inequitable not to allow the relocation of the coastal protection zone at this point. I express no view on the issue except to suggest that the answer might very well turn on factual questions which should not be resolved on summary judgment. The *707 developer did not show otherwise. I reject any suggestion that the Developer’s Concept Plan submitted in connection with the 2010 application automatically establishes the status quo today. For these reasons, I would reverse the summary judgment entered below, and remand for further proceedings.